**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONZELL J. THREATS, | No. 21-16302 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-00542-JAS |
| v. | |
| J.T. SHARTLE, Warden, named as Warden Shartle, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted June 7, 2023[**]
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY,[***] District Judge.

Lonzell J. Threats ("Threats") appeals the district court's denial of his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

petition for a writ of habeas corpus, which he brought under 28 U.S.C. § 2241 after being convicted of several crimes in a general court-martial and exhausting his appeals in military courts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review the district court's decision to deny the petition *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). We review the military proceedings only to determine whether they "dealt fully and fairly" with the claims raised in the habeas petition. *Burns v. Wilson*, 346 U.S. 137, 142 (1953). "[O]nce it has been concluded . . . that the military . . . dealt fully and fairly with all such claims, it is not open to [us] to grant the writ simply to re-evaluate the evidence." *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962).

The military courts dealt fully and fairly with the sole claim that Threats raises on appeal, that he was denied effective assistance of counsel. Threats alleges six specific instances of ineffective assistance to support his claim, each of which was aired in a post-conviction hearing in the military courts and discussed in a detailed opinion by a military judge. The military judge found any instances of ineffective assistance insufficient to show a violation of Threats's right to effective counsel, and the Army Court of Criminal Appeals twice affirmed. Threats has not

---

[1] Because the parties are familiar with the facts, we include them only as necessary to resolve the appeal.

shown that the military courts failed to fully and fairly consider his claim. He merely seeks "to prove de novo . . . precisely the case which [he] failed to make in the military courts." *Burns*, 346 U.S. at 146.[2]

**AFFIRMED.**

---

[2] For the first time in his reply brief, Threats calls into question the adequacy of the district court's order adopting the magistrate judge's report and recommendation. This argument is forfeited. *See B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 541 n.7 (9th Cir. 2022).